UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

LAMONE LAUDERDALE                                                                                          PLAINTIFF

v.                                                                                CIVIL ACTION NO. 4:23-CV-P79-JHM

JASON WOOSLEY *et al.*                                                                                 DEFENDANTS

MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the amended complaint (DN 13)[1] pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

I.

Plaintiff is incarcerated as a pretrial detainee at Grayson County Detention Center (GCDC). He brings suit against GCDC and the following GCDC officials – Jailer Jason Woosley; Chief Deputy Bryan Henderson; Colonel David Gary; Captain Bobby Oldham; Captain Jack Pinkert; Deputy Sara, property supervisor; Otis Meredith, food service supervisor; Kim Stevenson, law library supervisor; Daniel Dennis, law library supervisor/clerk; Roy Washington, medical provider; Nurse Gary; and Nurse Janice. Plaintiff asserts that his constitutional rights have been violated during his incarceration at GCDC. As relief, Plaintiff seeks damages as well as injunctive and declaratory relief.

II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A,

---

[1] Plaintiff filed the complaint on June 14, 2023 (DN 1), and an amended complaint on September 13, 2023 (DN 13). Because the amended complaint includes the allegations set forth in the complaint as well as additional allegations, the Court's construes the amended complaint as a superseding amended complaint and herein reviews it only.

the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

2

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. GCDC and Official-Capacity Claims

GCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000). In this situation, Grayson County is the proper Defendant. *See Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). As to Plaintiff's official-capacity claims against the individual Defendants, "official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against these Defendants are actually against their employer, which is ostensibly Grayson County.

When a § 1983 claim is made against a municipality such as Grayson County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for

a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691.

### B. Fourteenth Amendment Claims[2]

#### 1. Conditions of Confinement

Upon review, the Court will allow a Fourteenth Amendment conditions-of-confinement claim to proceed against Grayson County for allegedly holding Plaintiff in a cell for 24 hours per day and only allowing him one hour of exercise each week.

#### 2. Deliberate Indifference to a Serious Medical Need

Upon review of Plaintiff's allegations, the Court will allow Fourteenth Amendment claims for deliberate indifference to Plaintiff's serious medical needs to proceed against Defendants Washington, Nurse Gary, and Nurse Janice in their individual capacities. The Court will also allow this claim to proceed Grayson County.

#### 3. Deliberate Indifference to Plaintiff's Safety

Upon review, the Court will allow Fourteenth Amendment claims for deliberate indifference to Plaintiff's safety to proceed against Defendants Oldham and Pinkert based upon the alleged assault of Plaintiff by other inmates when he was placed in a general population cell.

#### 4. Procedural Due Process

##### a. Segregation/Isolation

Plaintiff alleges that Defendant Pinkert "wrote frivolous and erroneous disciplinary charges against the Plaintiff and served him the charges, without affording him the incident report, or the allegations of the incident to dispute the facts, call witnesses, or produce evidence in his favor."

---

[2] Plaintiff often cites to the Eighth Amendment. The Eighth Amendment, however, provides a convicted prisoner the right to be free from cruel and unusual punishment; it is the Due Process Clause of the Fourteenth Amendment that provides similar protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cnty.*, 819 F.3d 907, 915 (6th Cir. 2016))

Plaintiff alleges that Defendants Oldham and Henderson "conducted a hearing without the Plaintiff present." Upon consideration, the Court will allow Fourteenth Amendment procedural due process claims to proceed against Defendants Pinkert, Oldham, and Henderson. *See Johnson v. Grayson Cnty.*, No. 21-5772, 2022 U.S. App. LEXIS 14816 (6th Cir. May 27, 2022).

### b. Deprivation of Property

Throughout the amended complaint, Plaintiff alleges that he has been deprived of property. He specifically alleges that other inmates have stolen his property; that he has been improperly charged for medical services; deprived of books; had property destroyed by pickle juice; and had money taken from his account without his permission.

The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim for the deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit has held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

Based on this jurisprudence, the Court will dismiss Plaintiff's claims for deprivation or property for failure to state a claim upon which relief may be granted.

### C. First Amendment Claims

#### 1. Free Exercise Clause

Plaintiff asserts that Defendant Meredith violated his First Amendment right to freely exercise his religion by denying his request for a "kosher/halal" diet. "Prisoners retain the First Amendment right to the free exercise of their religion." *Hayes v. Tenn.*, 424 F. App'x 546, 549 (6th Cir. 2011) (citing *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985)). A violation of the First Amendment requires the imposition of a "substantial burden" on a plaintiff's exercise of his religion. *Welch v. Spaulding*, 627 F. App'x 479, 485 (6th Cir. 2015). Similarly, the Religious Land Use and Institutionalized Persons Act (RLUIPA) prohibits the governmental imposition of a "substantial burden on the religious exercise" of an inmate unless the government establishes that the burden furthers a "compelling governmental interest" through the "least restrictive means[.]" 42 U.S.C. § 2000cc-1(a).

Here, Plaintiff does not identify his religion, nor does he allege facts to show a sincerely held religious belief that requires him to eat only kosher/halal meals. He also fails to explain how the denial of a kosher/halal diet substantially burdens his religious exercise. Thus, Plaintiff's First Amendment free-exercise claim against Defendant Meredith and any RLUIPA claim must be dismissed for failure to state a claim upon which relief may be granted.

#### 2. Retaliation

Plaintiff makes the following allegations which he states are retaliation claims:

Defendants Nurse Gary and Nurse Janice denied Plaintiff's medical requests or grievance seeking medical care, and further denied treatment and care in relation to the Plaintiff's complaints.

Defendant Nurse Janice erroneously and maliciously charged the Plaintiff for medical care he never requested, due to a verbal altercation and him grieving it.

> Defendants Kim Stevenson and Daniel Dennis denied the Plaintiff access to the law library due to him filing grievance due to their abuse of discretion and erroneous charge for copies.
>
> . . . .

To state a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

The Court will assume for purposes of this review only that Plaintiff has satisfied the first and second prongs of a retaliation claim as to the three instances of alleged retaliation set forth above. Plaintiff, however, fails to satisfy the third prong for each of the three instances. "[R]etaliation 'rarely can be supported with direct evidence of intent.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). A plaintiff may rely on circumstantial evidence, but must still provide "specific, nonconclusory allegations" linking his conduct to a defendant's retaliatory act. *Spencer v. City of Catlettsburg*, 506 F. App'x 392, 396 (6th Cir. 2012). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts'" will not suffice. *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (requiring "concrete and relevant particulars"). A plaintiff may allege a chronology of events from which a defendant's retaliatory animus could reasonably be inferred. *Manning v. Bolden*, 25 F. App'x 269, 272 (6th Cir. 2001) (citations omitted). Other evidence courts examine to determine causation include statements by defendants or the disparate treatment

7

of other prisoners. *Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010); *see also Patterson v. Godward*, 370 F. App'x 608, 610 (6th Cir. 2010).

Here, the amended complaint does not contain allegations of temporal proximity or disparate treatment. Plaintiff has only provided conclusory allegations of retaliatory motive and has not provided any evidence - direct or circumstantial - in support. "By 'merely alleg[ing] the ultimate fact of retaliation,' Plaintiff's argument for causation, and thus for actionable retaliation, fails." *Flournoy v. Hemingway*, No. 20-13130, 2021 U.S. Dist. LEXIS 93709, at *22 (E.D. Mich. May 18, 2021) (quoting *Murray*, 84 F. App'x at 556).

For this reason, the Court will dismiss Plaintiff's retaliation claims against Defendants Nurse Gary, Nurse Janice, Stevenson, and Dennis for failure to state a claim upon which relief may be granted.

### 3. Denial of Access to the Courts

Plaintiff also states that the law library at GCDC has limited legal resources and that he has been denied access to the law library by Defendants Stevenson and Dennis. Prisoners do not have a right to a law library but do have a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Lewis v. Casey*, 518 U.S. 343, 350 (1996). To state a viable claim for denial of access to the courts, however, a prisoner must demonstrate he suffered "actual injury" as a result of particular actions of prison officials. *Lewis*, 518 U.S. at 351. Actual injury requires a showing that a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id*. at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). "[T]he underlying cause of action, whether

8

anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Here, Plaintiff has failed to set forth any actual injury under the above standard. Thus, Plaintiff's law-library claims against Stevenson and Dennis must also be dismissed for failure to state a claim upon which relief may be granted.

**D. Grievance Claims**

Plaintiff alleges that various Defendants, including Defendants Woosley, Henderson, and Gary, violated his rights by denying his grievances and/or failing to act upon them. Prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. Oct. 30, 2003) ("there is no inherent constitutional right to an effective grievance procedure") (citing cases). For this reason, the denial of a grievance or the failure to act based upon information contained in a grievance fails to state a claim under § 1983. *Gibbs v. Laughhunn*, No 16-1771, 2017 U.S. App. LEXIS 13760, at *5 (6th Cir. Feb. 2, 2017); *see also LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective grievance procedure").

Thus, because Plaintiff has no constitutional right to a grievance procedure, Plaintiff's claims based upon either the denial of his grievances or the failure to act on his grievances must be dismissed for failure to state a claim upon which relief may be granted.

### E. Supervisory Liability

To the extent that Plaintiff brings individual-capacity claims against Defendants Woosley, Henderson, and Gary, and any other Defendants, based upon his/her supervisory positions at GCDC, the claims fail. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

For these reasons, the Court concludes that any individual-capacity claims based upon the doctrine of *respondeat superior* against Defendants Woosley, Henderson, and Gary, or any other Defendant, must be dismissed for failure to state a claim upon which relief may be granted.

### E. State-Law Negligence Claims

The Court will allow state-law medical negligence claims to proceed against Defendants Washington, Nurse Gary, and Nurse Janice based upon the medical care they allegedly provided, or failed to provide, to Plaintiff.

## IV.

For the foregoing reasons, **IT IS ORDERED** as follows:

1. The Court is allowing the following claims to proceed – a Fourteenth Amendment conditions-of-confinement claim against Grayson County for allegedly holding Plaintiff in a cell for 24 hours per day and only allowing one hour of exercise a week; Fourteenth Amendment claims for deliberate indifference to Plaintiff's serious medical needs against Grayson County and Defendants Washington, Nurse Gary, and Nurse Janice in their individual capacities; Fourteenth Amendment claims for deliberate indifference to Plaintiff's safety to proceed against Defendants Oldham and Pinkert in their individual capacities based upon the alleged assault of Plaintiff by other inmates when he was placed in a general population cell; Fourteenth Amendment procedural due process claims against Defendants Pinkert, Oldham, and Henderson related to the alleged disciplinary action they took against Plaintiff; and state-law medical negligence claims against Defendants Washington, Nurse Gary, and Nurse Janice.

2. Plaintiff's individual-capacity claims against Defendants Woosley, David Gary, Meredith, Stevenson, Dennis, and Sara, and his claims based upon the deprivation of property, his right to freely exercise his religion/RLUIPA, retaliation, denial of access to the law library, grievance-related claims, and all claims based upon the doctrine of *respondeat* superior are **DISMISSED** pursuant to 28 U.S.C. § 1915(A)(b)(1) for failure to state a claim upon which relief may be granted. Because no claims remain against Defendants Woosley, David Gary, Meredith, Stevenson, Dennis, or Sara, the **Clerk of Court** is **DIRECTED** to **terminate them as parties to this action**.

3. The **Clerk of Court** is further **DIRECTED t**o **substitute Grayson County in the place of Grayson County Detention Center as the proper Defendant in this action**.

    4.  The Court will enter a Separate Service and Scheduling Order to govern the continuing claims.

Date: October 30, 2023

*Joseph H. McKinley Jr., Senior Judge*
*United States District Court*

cc: Plaintiff, *pro se*
    Grayson County Attorney
4414.011

12